UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:23-CV-00117-HBB

DONNA EDGE                                                      PLAINTIFF

VS.

CIRCLE K STORES, INC., et al.                                  DEFENDANTS

## MEMORANDUM OPINION
## AND ORDER

Before the Court is Defendant UniFirst Corporation's motion for summary judgment on Plaintiff Donna Edge's claim against it, DN 40. Edge has responded at DN 43 and UniFirst has replied at DN 46. Defendants Circle K Stores, Inc. and Mac's Convenience Stores, LLC have not filed responses. For the foregoing reasons, UniFirst Corporation's motion for summary judgment, DN 40, is **DENIED**.

## NATURE OF THE CASE

Circle K and Mac's Convenience Stores (collectively "Circle K") operate a convenience store in Owensboro. Circle K contracts with UniFirst to provide janitorial supplies, including entrance mats. On September 26, 2022, Edge was a business patron at the convenience store and fell as she was exiting the front door. She contends she tripped on the entrance mat due to a defective condition, specifically a "ripple" in the mat's edge.

## UNIFIRST'S MOTION

UniFirst agrees that it supplied the entrance mat in question. UniFirst relies on the testimony of Route Service Representative Matt Mason. He testified that he called upon the Circle K store each Friday to deliver a fresh entrance mat, as well as other janitorial supplies (DN 40-6

at pp. 15-16). He would collect the previous week's mat to be cleaned and placed back in UniFirst's inventory. He agreed that, upon unrolling a clean mat, there would occasionally be "ripples" in the material (*Id.* at pp. 13-14). In such instances, he would step on it in an effort to flatten the ripples (*Id.*). If this did not solve the problem, he would replace it with another mat from his delivery truck (*Id.* at pp. 14-15). If another mat was not available, he would ask whether the customer preferred to keep using the old mat for another week (*Id.*). Mason testified that his route took him to the convenience store every Friday (*Id.* at p. 15). UniFirst has provided documentation that Mason made his usual Friday stop at the store on September 23, 2022, three days before Edge's accident, and delivered an entrance mat (DN 40-1 at p. 7; DN 40-8 at p. 1). Upon completion of a service stop, the Route Service Representative has the customer sign the invoice (DN 40-1 at p. 4). However, if the customer is busy the UniFirst employee may sign the invoice on the customer's behalf ( *Id.*). Here, Mason initialed the invoice in question (DN 40-8 at p. 1).

UniFirst's motion for summary judgment is predicated upon the argument that it owed no duty to Edge after it dropped off the entrance mat, as it had no control over the condition of the mat (DN 40-1 at pp. 6, 10-13). UniFirst supports its argument with analogy to the relationship of a landlord and tenant, whereby the landlord is only obligated to disclose to the tenant known latent defects at the time the tenant takes possession of the premises, citing *Jaimes v. Thompson*, 318 S.W.3d 118, 119 (Ky. Ct. App. 2010) (quoting *Carver v. Howard*, 280 S.W.2d 708, 711 (Ky. Ct. App. 1955); *Waugh v. Parker*, 584 S.W.3d 748, 752 (Ky. 2019) and *Hunton v. City of Bowling Green*, No. 2005-CA-002164, 2006 Ky. App. Unpub. LEXIS 372, at *5 (Ky. Ct. App. Dec. 15, 2006). Here, UniFirst contends the mat could not represent a latent defective condition such that any liability may be assigned to UniFirst (*Id.* at pp. 11-13). Moreover, UniFirst notes that Circle K, as the tenant, was

in sole possession of the premises, and likewise had sole control of the condition of the mat at the time

of the accident (*Id.*).  Moreover, UniFirst argues:

> [O]nce the employees of the movant made their delivery of goods including the mat, which their employees or representatives made good faith efforts in ensuring were suitable, appropriate, and safe, any subsequent monitoring and/or control of that mat was solely left to Circle K.  Insofar there could be any room for argument that Unifirst had a duty, their duty would be limited to its contractually agreed delivery of goods in a satisfactory condition to Circle K, for which none was made known to the movants, as established above, nor proven to be a condition upon delivery.  *See* Exhibit B (services to be provided "in a good and workmanlike manner").  Said contractual duty, if any, by Unifirst to Circle K does not extend to any protections of Circle K's customers for any such claims including this premise [*sic*] liability matter.

(DN 40-1 at p. 13).

## EDGE'S RESPONSE

Edge advances two arguments in opposition to UniFirst's motion.  First, she contends ruling

on the motion would be premature, given that fact discovery in the case is not complete (DN 43 at pp.

10-11).  She identifies two Circle K employees and two Unifirst employees whose depositions she has

requested (*Id.*).

Turning to the substance of UniFirst's motion, Edge disputes UniFirst's contention that it owed

no duty to her (*Id.* at pp. 12-14).  She cites *Grubb v. Smith*, 523 S.W.3d 409 (Ky. 2017) for the

proposition that both agents and employees holding sufficient control over an injury-causing condition

can be liable to third parties (*Id.* at pp. 12-13).  She notes that the hazard at issue in the case is the mat

UniFirst supplied to Circle K (*Id.* at p. 13).  She characterizes UniFirst's duty as supplying a mat in

good condition and safe for the use of any person who encounters it (*Id.* at pp. 13-14).  Edge rejects

UniFirst's analogy to duties owed between a landlord and tenant, and advocates that the general duty

to exercise ordinary care is the applicable standard (*Id.* at p. 15).  Edge also notes conflicting testimony

as to whether the mat was delivered three days or hours before the accident (*Id.* at p. 13-14).  Regardless

of which time frame is credited, she contends the time is sufficiently short to demonstrate the ripple was present at delivery (*Id.* at p. 14).  In sum, she contends there are questions of fact regarding the condition of the mat upon delivery to Circle K which preclude summary judgment (*Id.*).

## CIRCLE K'S REPLY

UniFirst agrees that *Grubb* "adequately delinieat[es] duties by or to various individuals or entities within the premises liability context" (DN 46 p. 1).  UniFirst also acknowledges that its discussion in its motion of "latent dangerous conditions" regarding the landlord-tenant relationship is not particularly on-point in the present instance (*Id.* at pp. 2-3).  Nonetheless, UniFirst reiterates that the facts demonstrate Circle K had possession of the mat after it was delivered and was solely responsible for its maintenance and condition at the time of the accident (*Id.* at p. 3).

## SUMMARY JUDGMENT STANDARD

To grant a motion for summary judgment, the Court must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of identifying the basis for its motion and the parts of the record that demonstrate an absence of any genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Court must determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).  The evidence, all facts, and inferences that may be drawn from the facts must be viewed in the light most favorable to the nonmovant.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party shows there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate

that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Phillip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). Conclusory allegations are not enough to allow a nonmoving party to withstand a motion for summary judgment. *Id.* at 343. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson*, 477 U.S. at 252. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted).

## DISCUSSION

This is a negligence action. The elements of a negligence action are (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached the applicable duty of care, (3) causation, including both cause in fact and proximate cause, and (4) the plaintiff was damaged by the breach of that duty of care. *Lurry v. PharMerica Corp.*, No. 3:23-CV-297-RGJ, 2024 U.S. Dist. LEXIS 104411, *10 (W.D. Ky. June 12, 2024). Here, UniFirst contends that Edge's case against it fails at the first element, as it owed her no duty of care once possession of the entrance mat was turned over to Circle K, whereupon Circle K assumed control of the mat and the concurrent sole ability to maintain it in a safe condition.

Kentucky law does not support UniFirst's position. Possessors of land owe a duty to invitees to discover unreasonably dangerous conditions on the land and either eliminate or warn of them. *Grubb*, 523 S.W.3d at 416-17. Whether a condition is unreasonably dangerous is typically one of fact for the jury. *See id.* at 421. Here, insofar as the entrance mat is concerned, UniFirst acted as Circle K's agent for the provision of that store item for the use of Circle K's business patrons. "An agent is not immune from liability for acts related to a property just because it does not possess or exercise total control over the property . . . . Rather, where a duty is owed to a third party, the agent remains liable for breaches of that duty." *Davis Elecs. Co. v. Springer Cap., LLC*, NO. 3:20-CV-38-CRS, 2023 U.S.

5

Dist. LEXIS 231306, *7 (W.D. Ky. Oct. 19, 2023).  The duty which UniFirst owed to Edge was the universal duty of care: "every person owes a duty to every other person to exercise ordinary care in his activities to prevent foreseeable injury."  *Id.* (quoting *Shelton v. Kentucky Easter Seals Soc., Inc.*, 413 S.W.3d 901, 907 (Ky. 2013)).  UniFirst cannot divest itself of a duty to Edge by surrendering possession of the mat to Circle K until the next week's service call.

Having delineated the duty owed by UniFirst to Edge, there are questions of fact as to whether UniFirst breached that duty by supplying an unsafe mat.  There is conflicting testimony about when Mason delivered the mat (*see* DN 43 at pp. 6-7 identifying testimony).  Edge has produced photographic evidence suggesting that the mat was rippled before her accident.  There is testimony from a Circle K employee that this was not an uncommon condition (*Id.*).  The jury must weigh the evidence and determine whether Edge fell due to a rippled condition of the mat and, if so, whether that condition was due to any negligence on UniFirst's part in supplying it.

## ORDER

**WHEREFORE**, UniFirst Corporation's motion for summary judgment, DN 40, is **DENIED**.

April 7, 2025

H. Brent Brennenstuhl
United States Magistrate Judge

Copies to:      Counsel of Record