UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:23-CV-00117-HBB

**DONNA EDGE**                                                                                     **PLAINTIFF**

**VS.**

**CIRCLE K STORES INC., et al.**                                                         **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Circle K Stores, Inc. and Mac's Convenience Stores, LLC's (collectively "Circle K") motion for declaratory judgment against co-Defendant UniFirst Corporation (DN 31). UniFirst responded in opposition at DN 33 and Circle K replied at DN 44. Also before the Court is UniFirst's motion for leave to file a surresponse (DN 45). Circle K filed a pleading styled as a response to UniFirst's motion for leave to file a surresponse at DN 49. That pleading, however, does not address UniFirst's motion for leave to file a surresponse, instead it is a sur-reply to UniFirst's tendered surresponse at DN 45-1. By doing so, the Court infers that Circle K does not oppose UniFirst's motion to file a surresponse and grants that motion. Moreover, although Circle K did not file a motion for leave to file a sur-reply, the Court will consider Circle K's filing at DN 49 as well.

### Nature of the Case

Circle K and Mac's Convenience Stores (collectively "Circle K") operate a convenience store in Owensboro (DN 31, p. 1). Circle K contracts with UniFirst to provide janitorial supplies, including entrance mats (*Id.* at p. 2). On September 26, 2022, Donna Edge was a business patron

at the convenience store and fell as she was exiting the front door (DN 43, p. 1). She contends she tripped on the entrance mat due to a defective condition, specifically a "ripple" in the mat's edge (*Id.*).

## Circle K's Motion for Declaratory Judgment

Circle K has cross-claimed against UniFirst for defense and indemnity against Edge's claims based upon a contract between Circle K and UniFirst (DN 20). The contract is identified as a "U.S. National Supplier Agreement" and is between UniFirst and Circle K Procurement and Brands Limited, which acts on behalf of affiliated companies, such as Circle K (DN 31, p. 2). Circle K points to UniFirst's obligation under the contract:

> All of the Services provided hereunder shall be executed in a good and workmanlike manner by qualified and careful workers in accordance with industry standards of skill, care and diligence normally practiced by firms performing services of a similar nature under similar circumstances and conditions and in accordance with this Agreement. The Products provided hereunder, in conjunction with the Services, will comport with the specifications or descriptions approved or adopted by Customer, as set forth on Schedule A.

(DN 31-1, p. 6). The contract also required UniFirst to maintain insurance naming Circle K and its subsidiaries (*Id.* at pp. 12-13). Circle K contends that it is entitled to declaratory judgment under the contract as the evidence in the case demonstrates that the entrance mat which UniFirst delivered was not of high quality and fit for its intended purpose, and thereby caused the accident (DN 31, p. 3). As such, Circle K argues it is entitled to both defense and indemnification[1] under the contract (*Id.* at p. 4).

---

[1] The contract provides:
> Each Party (the "Indemnifying Party") agrees that it shall indemnify, defend (with counsel approved by the other Party, such approval not to be unreasonably withheld), and protect the other Party and its respective officers, directors, employees and agents (the "Indemnified Party"), and hold the Indemnified Party harmless from any and all claims, penalties, demands, suits, causes of action, loss, cost, damage, expense, liability (including, without limitation, court costs and reasonable attorney's fees actually incurred at customary hourly rates) ("Claims") incurred in connection with or arising directly from the Indemnifying Party's: (i) breach of any term, condition, representation or covenant of this Agreement, (ii) violation of law or applicable regulations, or (iii) negligence or

2

UniFirst opposes Circle K's motion on several grounds (DN 33).  First, it asserts that the evidence in the case is far from conclusive as to the cause of Edge's fall (*Id.* at pp. 2-3).  It also points to other provisions in the agreement, including language specifying when a product shall be deemed "delivered" to Circle K (*see* DN 33-3, p. 2) and whether Circle K had provided notice of a non-conforming delivery (*see id.*).  Finally, UniFirst notes that it cannot be obligated to indemnify Circle K against its own negligence (DN 33, p. 4).  UniFirst does not address the issue of whether it has a duty under the contract to defend Circle K.  Relatedly, in its Reply, Circle K argues the contract obligates UniFirst to defend it against any claim which could potentially be covered by the indemnification clause (DN 44, p. 3).  UniFirst's surresponse does not address this argument.

## Discussion

Circle K's motion seeks two types of declaratory relief:  first, that UniFirst is obligated to indemnify it in this action (DN 31, p. 4).  Second, that UniFirst is obligated to provide it with a defense against Edge's claims (*Id.*).

Beginning with Circle K's demand for indemnification, motions for declaratory judgment are construed as motions for summary judgment.  *Veranda Gardens, LLC v. SECURA Ins.*, No. 3:18-CV-611-DJH-RSE, 2019 U.S. Dist. LEXIS 97393, at *4 (W.D. Ky. June 11, 2019) (citations omitted).  Summary judgment is required when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  The moving party bears the burden of specifying the basis for its motion and showing the lack of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Once the moving party

---

    intentional misconduct.  Neither Party shall be liable to the other Party for any special, incidental, or consequential damages of any kind or nature, even if such Party has been advised of the possibility of any such losses or damages.  The limitation on damages set forth in the immediately preceding sentence shall not apply in the event of a third-party claim for injury or death where a determination has been made by a court of competent jurisdiction that any such injury or death was the result of the negligence or willful misconduct of Supplier.

(DN 31-1, p. 12).

3

satisfies this burden, the nonmoving party must produce specific facts showing a material issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "Factual differences are not considered material unless the differences are such that a reasonable jury could find for the party contesting the summary judgment motion." *Bell v. City of E. Cleveland*, 125 F.3d 855, 1997 WL 640116, at *4 (6th Cir. 1997) (citing *Liberty Lobby*, 477 U.S. at 252). A district court considering a motion for summary judgment may not weigh evidence or make credibility determinations. *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir. 2008) (citation omitted); *Adams v. Metiva*, 31 F.3d 375, 384 (6th Cir. 1994). The Court must view the evidence and draw all reasonable inferences in a light most favorable to the nonmoving party. *Williams v. Int'l Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000) (citation omitted). But the nonmoving party must do more than show some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party must present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" FED. R. CIV. P. 56(c)(1); *see also Shreve v. Franklin Cnty., Ohio*, 743 F.3d 126, 132 (6th Cir. 2014). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Liberty Lobby*, 477 U.S. at 252.

Judgement in favor of Circle K on its claim for indemnification under the contract requires the Court to find either that UniFirst breached the contract by supplying a defective entrance mat, and that breach was a causative factor in Edge's injury, or that Edge's accident was due to UniFirst's negligence in supplying the entrance mat. As the Court noted in denying UniFirst's motion for summary judgment (*see* DN 48), and as the parties' briefs in the present motion make

4

clear, there is conflicting testimony regarding the salient facts of the accident precluding summary judgment on the issue of liability; therefore, indemnity is not appropriate.

Next is Circle K's demand that UniFirst provide it with a defense pursuant to the contract. As with indemnification, the contract obligates UniFirst to defend Circle K against claims arising from its breach of the contract or negligence (*see* DN 31-1, p. 12). Circle K advocates that a lesser standard than required for summary judgment applies to the duty to defend, and a defense must be provided whenever there is the possibility that a claim is subject to an indemnification clause (DN 44, p. 3). In support Circle K cites *Warren Drilling v. Equitable Prod. Co.*, 621 Fed. Appx. 800, 804 (6th Cir. 2015); however, the holding in that case was an application of Pennsylvania state law.[2] Circle K also cites *James Graham Brown Found., Inc. v. St. Paul Fire & Marine Ins. Co.*, 814 S.W.2d 273, 279 (Ky. 1991) for the proposition that defense under a policy of insurance must be provided if the claims might be subject to coverage. This is a well-established principal under Kentucky law. What neither party to this case has pointed out is that the contract contains a choice of law clause specifying that it is to be interpreted under the laws of Arizona (DN 31-1, p. 14). The Court, however, is not obligated to undertake a comprehensive choice of law analysis when the parties have failed to address it and may proceed to evaluate motions under the substantive law of Kentucky.[3] *See Lurry v. PharMerica Corp.*, No. 3:23-CV-297-RGJ, 2024 U. S. Dist. LEXIS 104411, at *9-10 (W.D. Ky. June 12, 2024).

The question then is whether Kentucky's view, in the context of insurance policies, that a duty to defend is both distinct from and broader than the duty to indemnify applies outside the

---

[2] The Court notes that *Westlake Vinyls, Inc. v. Goodrich Corp.*, 518 F. Supp. 2d 918, 936 (W.D. Ky. 2007) held that an indemnitor's duty to defend under a contract is subject to the same duty as an insurer's to defend against allegations potentially falling within policy coverage, however in that case the Court was applying Ohio law.

[3] It does appear, however, that under Arizona law "[o]nce a complaint alleges facts which may fall within the parties' indemnity provision, and the indemnitee tenders the claim to the indemnitor, the duty to defend attaches." *Republic Servs. Procurement, Inc. v. PeopleReady, Inc.*, No. CV-19-00299-PHX-SPL, 2020 U.S. Dist. LEXIS 8285, *5-6 (D. Ariz. Jan. 17, 2020).

insurance policy context. *Global Spectrum LP v. City of Owensboro*, No. 2020-CA-1483-MR, 2022 Ky. App. Unpub. LEXIS 138, at *13 (Ky. App. Mar. 11, 2022) held that it does. There, the contract required Global to "defend indemnify and hold harmless" Owensboro against any claims arising from Global's negligent act in performing the contract. *Id.* at *7. The court held that, while Global had no duty to defend any claims which arose from actions clearly outside the scope of its duties under the contract, it did have an obligation to defend Owensboro from "claims which could reasonably be construed to arise from its obligations under the Agreement." *Id.* at *13. The court went on to observe that the duty to defend was not contingent upon a finding of Global's liability for the underlying claims. *Id.* Applying this rule to the present case, Edge's Complaint contends that her injuries were the result of, among other things, the Defendants' creation of a dangerous condition upon Circle K's business premises (DN 1-2, p. 7). There is no dispute that the dangerous condition referenced in her Complaint was the entrance mat UniFirst supplied to Circle K in accordance with the U.S. National Supplier Agreement. As such, the claims asserted against Circle K could be construed to arise from UniFirst's obligations under the agreement, either in negligence or breach of contract, and the duty to defend attaches.

**WHEREFORE**, Defendants Circle K Stores, Inc. and Mac's Convenience Stores, LLC's motion for declaratory judgment against Defendant UniFirst Corporation, DN 31, is **GRANTED IN PART** and **DENIED IN PART**.  Declaratory judgment on UniFirst's obligation to indemnify Circle K Stores, Inc. and Mac's Convenience Stores, LLC is **DENIED AS PREMATURE**.  Declaratory judgment on UniFirst's obligation to defend Circle K Stores, Inc. and Mac's Convenience Stores, LLC is **GRANTED**.

Further, UniFirst Corporation's motion for leave to file a surresponse, DN 45, is **GRANTED**.

*H. Brent Brennenstuhl*
**H. Brent Brennenstuhl**
**United States Magistrate Judge**

May 20, 2025

Copies:  Counsel